**STANDARD INTERNATIONAL CORPORATION et, Plaintiffs, v. McDONALD PRINTING CO., INC. et, Defendants.**

Common Pleas Court, Hamilton County.

No. A-170269. Decided July 7, 1959.

Cors. Hair, Hartsock & Schneider, By Charles F. Hartsock, Irving Harris; Hale & Dorr, By Samuel S. Dennis III, for Standard International Corporation and Joseph H. Jorling.

294

Lanier, Guy, Walker & Lanier, By Ike Lanier, C. Chester Guy, Larz R. Hammel, for Thomas H. Carruthers III.

Waite, Schindel, Bayless & Schneider, By Philip J. Schneider, Edward L. Douglass, Jr., for McDonald Printing Co., Inc. Albert F. Broering and Walter A. McDonald.

Steer, Strauss & Adair, for Matthew A. McDonald.

## OPINION

By LEIS, J.:

This case presents an interesting corporate question in an effort on one hand to gain shareholder control of an established and reputable corporation and, on the other hand, an effort by present shareholder control to convey that control to a third party.

At the outset, the Court wishes to state that the actions of the parties to this case have been entirely ethical and conducted in a gentlemanly manner. The Court also wishes to state that all parties have been represented by very able counsel who have been of real assistance to the Court.

This is not a case of fraud. Simply and pointedly stated this case represents a maneuver for control of a closely held established corporation.

The McDonald Printing Company, Inc. (hereinafter referred to as McDonald) as its name implies, is in the printing business. Prior to a special meeting held on May 21, 1959, the stock structure of the McDonald Company looked like this:

| Albert F. Broering | 13,960 shares |
|---|---|
| Thomas H. Carruthers | 15,960 shares |
| Matthew McDonald | 3,960 shares |
| Joseph H. Jorling | 5,960 shares |
| Walter A. McDonald | 160 shares |
| James C. Fergus | 1,000 shares |
| Paul H. Torbeck | 600 shares |
| Stanley Backmeyer | 400 shares |
| | 42,000 shares outstanding. |

The Board of Directors of the McDonald Company consisted of the first five shareholders listed above.

It can be seen that a combination of shareholders, Carruthers and Jorling, would result in 21,920 or over fifty per cent of the outstanding shares. This combination was used when these two shareholders entered a contract to sell their shares in the McDonald Company to the Standard International Corporation at a price of $33.00 per share.

Broering and the two McDonalds, owning less than fifty per cent of the stock outstanding, but representing a majority of the Board of Directors were not in favor of such a sale.

On the 21st of May, at a meeting of the Directors of the McDonald

Company the Directors by a vote of three to two, authorized the issuance of seven thousand additional shares and sold said additional seven thousand shares to Walter McDonald at a price of $37.50 per share.

That, without further embellishment, is the fact pattern upon which this case comes before this Court. The Carruthers-Jorling combination urge that the action of the Board of Directors on May 21st in selling the seven thousand authorized but unissued shares to Walter McDonald was void in that said Walter McDonald cast one of the votes necessary for passage; that without the vote of Walter McDonald there would be no majority vote.

The facts of this case do not bring it within the statutory law of Ohio. Nor do we have here the sale of control to an outsider as is found in the case of Insuran-shares Corp. of Delaware v. Northern Fiscal Corp. Ltd., 35 F. Supp. 22. Such an attempted sale by Carruthers-Jorling was aborted.

The Articles of Incorporation of McDonald Company contain two very significant provisions:

"1. Shareholders waive their pre-emptive rights.

"2. Stock issues shall be subscribed for and sold as determined by resolution adopted by the majority of the Board of Directors."

It is elementary to state that the Articles of Incorporation are the basis for individual corporate existence and lay the foundation and limits for corporate action; thus, these provisions in the Articles of Incorporation must be given effect as binding on the corporate entity itself and upon the individuals who represent ownership of the entity. In the absence of fraud, the Court is constrained to hold that the action of the Board of Directors of the McDonald Company in issuing the seven thousand shares of stock to Walter McDonald at a price of $37.50 per share is a valid exercise of its authority.

It cannot be denied that the Board of Directors had sufficient basis for its action. See the following.

(A) (Record page 110) "My purpose in purchasing the stock was to do what I said a moment ago, perpetuate the company on the basis it had originally been set up and to prevent what I saw was a situation where they needed some radical help."

(Walter McDonald on cross-examination.)

(B) Testimony of President, Albert Broering on cross-examination found on pages 58-68 of the Record.

(C) Exhibit A, in particular pages 3 and 4, of the Minutes of the Special Meeting of the Board of Directors of McDonald Company of May 21, 1959.

The Court does not substitute its judgment for that of the Board of Directors: the Court holds that in the absence of fraud the situation arising here comes within the intent of the Articles of Incorporation of this closely held corporation.

Here is a closely held corporation whose Board of Directors owned forty thousand of the forty-two thousand shares outstanding. Surely. the intent of the Articles of Incorporation, as expressed, was that shareholder-directors would be entitled to a vote on such matters arising.

Now as to the sale price of $37.50 per share: $4.50 per share higher

than the original standard offer; $2.50 lower than the offer by shareholder-director Carruthers. Witness Broering (page 42 of the Record) testified that $37.50 was "the valuation that was placed on the shares of stock by the Moody's Investors Service in New York." Witness Broering testified that several years ago the question of valuation of stock came up in regard to such valuation if death occurred to one of the shareholders, that it was decided to have Moody's place a periodic valuation on the stock.

The Court acknowledges counsels' citation of Canada Southern Oils, Ltd. v. Manabi Exploration Co., 96 Atl. (2d) 810, but feels that that case is not controlling on the facts presented to the Court in the instant action.

The record before the Court indicates that the Articles of Incorporation of the McDonald Company apply and control; that there was no fraud; that the action of the Board of Directors on May 21, 1959 was a valid exercise of the authority set forth in the Corporate articles; that the action of the Board of Directors is based on reasons which are sufficiently sound and valid; that the sale price of $37.50 per share to Walter McDonald represents a fair valuation.

Please present your entry accordingly.